UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON MITCHELL and ROBERTA MITCHELL, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WERNER COMPANY, a Delaware corporation; and W.W. GRAINGER, INC., an Illinois corporation,<br><br>Defendants. | CASE NO. C11-5543BHS<br><br>ORDER DENYING MOTION TO AMEND |

This matter comes before the Court on Plaintiffs Cameron and Roberta Mitchell's ("Mitchells") motion to amend complaint (Dkt. 16). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 15, 2011, the Mitchells filed a complaint against Defendant Werner Company ("Werner"), alleging negligence and strict liability for injuries suffered by Mr. Mitchell. Dkt. 1. On August 11, 2011, Werner answered and asserted numerous affirmative defenses, including the defense that Werner was currently involved in a bankruptcy proceeding. Dkt. 6.

On November 22, 2011, the Court issued a scheduling order that, among other things, set the deadline to add additional parties as December 22, 2011 and the deadline for amended pleadings as January 3, 2012. Dkt. 8.

ORDER - 1

On January 10, 2012, the Court granted the Mitchells leave to file an amended complaint. Dkt. 10. On January 11, 2012, the Mitchells filed an Amended Complaint adding defendant W.W. Grainger ("Grainger"). Dkt. 11 ("FAC").

On February 16, 2012, the Mitchells filed a motion to amend their complaint to add New Werner Holding Co. as a defendant. Dkt. 16. On February 27, 2012, Werner responded. Dkt. 17. On March 1, 2012, the Mitchells replied. Dkt. 21. On March 2, 2012, Werner filed a surreply (Dkt. 23), the Mitchells responded to the surreply (Dkt. 24), and Werner responded to the Mitchells' response (Dkt. 25).

## II. FACTUAL BACKGROUND

The Mitchells allege that Mr. Mitchell's employer, EJB Facility Services, Inc. ("EJB"), purchased a ladder from Grainger, Inc. on January 24, 2002 and received the ladder from Grainger, Inc. on January 28, 2002. FAC, ¶ 5.4. On or about April 13, 2009, Mr. Mitchell was an employee of EJB. *Id*. ¶ 5.1. At that time, Mr. Mitchell was working in the course of employment as an electrician at the Naval Submarine Base Bangor. *Id*. ¶ 5.2. As a part of his duties, Mr. Mitchell used the ladder designed and manufactured by Werner and supplied by Grainger. *Id*. ¶¶ 5.3, 5.4. When Mr. Mitchell was on the ladder, the foot of the ladder malfunctioned causing him to fall and suffer injury. *Id*. ¶ 5.6.

The Mitchells claim that, after the deadline for amended pleadings, they learned New Werner Holding Co. purchased all of the assets of Werner Holding Co., Inc. Dkt. 16 at 2. Werner states that, on June 12, 2006, Werner filed for bankruptcy protection and subsequently changed its name to Old Ladder Co., Inc. Dkt. 17 at 3. The Mitchells have submitted an order of a bankruptcy court dated September 24, 2007 that references an asset and purchase agreement dated March 20, 2007 and approved by the bankruptcy court on April 26, 2007. Dkt. 16, Exh. 1. The Mitchells have also submitted a letter from the firm that represents the liquidating trustee of Old Ladder Co., Inc. informing the

Mitchells that the bankruptcy cases were open and active and that Werner is afforded all the protections of a bankruptcy action. *Id.*, Exh 2.

Werner claims that, on November 14, 2011, the parties exchanged initial disclosures, wherein Werner "identified the documents related to Old Ladder Co.'s bankruptcy proceeding as evidence it would use to support its defense of [the Mitchells'] claims." Dkt. 17 at 2 (citing Dkt. 18, Declaration of Timothy D. Shea ("Shea Dec."), Ex. A).

### III. DISCUSSION

**A.   Motion to Strike**

Werner moves to strike an exhibit submitted by the Mitchells in support of their motion to amend because it is hearsay. Dkt. 23. Werner, however, has failed to show that the Court must only rely on admissible evidence when considering a motion to amend. Therefore, the Court denies Werner's motion.

**B.   Motion to Amend**

"Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controll[s]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (1992). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). If the party seeking the modification "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

ORDER - 3

In this case, Werner argues that the Court should deny the Mitchells' motion because the Mitchells

> make no showing of diligence for the months after being notified that Old Ladder Co. was an insolvent manufacturer and being provided with the bankruptcy documents showing the acquisition of assets by New Werner Holdings Co.

Dkt. 17 at 7. The Mitchells' attorney states that, when he filed the first amended complaint, he

> failed to comprehend the corporate structure of the various Werner companies, both those in bankruptcy and those that purchased the assets out of bankruptcy, at the time of the previous motion to amend the complaint to add parties.

Dkt. 22, Declaration of C. Steven Fury, ¶ 2.

The Court finds that the Mitchells have failed to show that they were diligent in seeking the schedule modification and/or amendment to account for Werner's bankruptcy proceeding. The Mitchells were on notice of the bankruptcy since August 2011, received documents relating to the bankruptcy in November of 2011, and have previously sought leave to amend their complaint in January 2012. If there would have been some inquiry into the bankruptcy proceeding, the proposed amendment could have been completed well before the deadline or, at the very least, in the first amended complaint.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Mitchells' motion to amend (Dkt. 16) is **DENIED** because they have failed to show good cause to modify the scheduling order

DATED this 20th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4