UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON MITCHELL and ROBERTA MITCHELL, husband and wife,

Plaintiffs,

v.

WERNER COMPANY, a Delaware corporation; and W.W. GRAINGER, INC., an Illinois corporation,

Defendant.

CASE NO. C11-5543BHS

ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

This matter comes before the Court on Plaintiff Cameron and Roberta Mitchell's ("Mitchells") motion for voluntary dismissal without prejudice (Dkt. 30). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 15, 2011, the Mitchells filed a complaint against Defendant Werner Company ("Werner"), alleging negligence and strict liability for injuries suffered by Mr. Mitchell. Dkt. 1.

On January 10, 2012, the Court granted the Mitchells leave to file an amended complaint. Dkt. 10. On January 11, 2012, the Mitchells filed an amended complaint adding Defendant W.W. Grainger ("Grainger"). Dkt. 11 ("FAC").

On February 16, 2012, the Mitchells filed a motion to amend their complaint to add New Werner Holding Co. ("New Werner") as a Defendant. Dkt. 16. On March 20,

ORDER - 1

2012, the Court denied the motion. Dkt. 28. Subsequent to this order, the Mitchells filed a complaint in state court against Werner, Grainger, and New Werner.

On March 29, 2012, the Mitchells filed a motion for voluntary dismissal of this action without prejudice. Dkt. 30. On April 11, 2012, Werner and Grainger ("Defendants") responded. Dkt. 31. On April 13, 2012, the Mitchells replied and included a motion to strike Defendants' response. Dkt. 32.

## II.  DISCUSSION

### A.  Motion to Strike

The Mitchells move to strike Defendants' response because it was not filed on time. Dkt. 32 at 1–2. The Mitchells have failed to show any prejudice resulting from the late filing. Therefore, the Court denies the motion to strike.

### B.  Motion for Voluntary Dismissal

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . ." Fed. R. Civ. P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so

1  long as the defendant will not be prejudiced . . . or unfairly affected by dismissal."). 
2  Because Rule 41(a)(2) exists chiefly for the defendant's protection, the district court has 
3  the discretion to condition a dismissal without prejudice upon the payment of 
4  "appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F.3d 
5  94, 96 (9th Cir.1996).  The payment of fees, however, is not a prerequisite to a Rule 41(a) 
6  dismissal.  *Stevedoring*, 889 F.2d at 921 (9th Cir. 1989) ("no circuit court has held that 
7  payment of the defendant's costs and attorney fees is a prerequisite to an order granting 
8  voluntary dismissal.").  If an award of fees and costs is granted, "the defendant should 
9  only be awarded attorney's fees for work which cannot be used in any future litigation of 
10 these claims." *Westlands*, 100 F.3d at 97 (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th 
11 Cir. 1993)).

In this case, Defendants request that the Court either require the Mitchells to file their subsequent complaint in this same District Court and/or award Defendants recoverable costs.  Dkt. 31 at 5.  First, the only case that Defendants cite in support of their request for a venue restriction is distinguishable on the ground that the parties had litigated the issue of proper venue before the motion for voluntary dismissal was filed. *See Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1326 (11th Cir. 2004) ("Home Depot obtained, under 28 U.S.C. section 1404(a), a transfer of the action, for *forum non conveniens*, to the Northern District of Georgia.").  Defendants' argument is without merit because the Mitchells are free to choose their own forum, even if the action may ultimately be removed to this Court.

Second, the Court finds that an award of fees is not appropriate.  The only issues that were litigated in this case were amendments to the complaint.  Defendants have failed to show that the work done on these issues will not be useful in the subsequent action. Therefore, the Court grants the Mitchells' motion without conditions or an award of costs.

ORDER - 3

## III. ORDER

Therefore, it is hereby **ORDERED** that the Mitchells' motion for voluntary dismissal without prejudice (Dkt. 30) is **GRANTED** and the Mitchells' motion to strike (Dkt. 32) is **DENIED**.

DATED this 20th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4